UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TODD A. DYER,

    Defendant.

Case No. 15-CR-137

[18 U.S.C. §§ 1343 & 1957]

## INDICTMENT

### INTRODUCTION
### (The Scheme To Defraud)

**THE GRAND JURY CHARGES:**

1. Beginning on or about October 1, 2012, and continuing thereafter until approximately December 27, 2012, in the State and Eastern District of Wisconsin and elsewhere,

**TODD A. DYER**

devised and carried out a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses and representations (hereinafter the "scheme"), which scheme is more fully described below.

2. The essence of the scheme was that DYER used false representations about the existence of potential investors and false representations about DYER's ability to raise $25 million from potential investors to attempt to wrongfully obtain $250,000 from D.E., an individual who was interested in building a manufacturing facility. In fact, DYER did not

have potential investors available to raise $25 million to finance D.E.'s project and DYER used funds he received from D.E. for personal purposes.

3. For purposes of executing the scheme, DYER used and caused the use of interstate wire communications, including an electronic fund transfer in the amount of $75,000.

**In furtherance of the scheme to defraud and obtain money:**

4. DYER told D.E. that DYER had an investor for D.E.'s project, a statement that was false.

5. DYER told D.E. that DYER had $25 million in investor funds readily available to fund D.E.'s project, a statement that was false.

6. DYER told D.E. that DYER had families and companies that wanted to invest in D.E.'s project, a statement that was false.

7. DYER told D.E. that the families and companies that were interested in funding D.E.'s project had hundreds of millions of dollars available and that $25 million would be just a drop in the bucket for them, a statement that was false.

8. DYER sent email messages to D.E. that included copies of emails to DYER from individuals whom DYER stated were the types of individuals that he was in contact with on a daily basis. Although these individuals were in contact with DYER at some previous point in time, none of them were in contact with DYER during the period of the scheme to defraud and none of them were potential investors in D.E.'s project.

9. DYER represented to D.E. that specific university endowments were possible

2

funding sources and listed four individuals from four universities as examples. None of these individuals or universities were in contact with DYER at any time during the scheme to defraud and none of them were potential funding sources for D.E.'s project.

10. DYER told D.E. that he had a group of investors available that were at risk of abandoning D.E.'s project unless D.E. paid DYER $75,000, a statement that was false.

## Materiality

11. The above acts of the defendant involved materially false statements, representations, and promises, and concealment of material facts, and attempts to obtain money under materially false pretenses.

## COUNT ONE
## (Wire Fraud)

**THE GRAND JURY FURTHER CHARGES:**

1. Paragraphs 1 through 11 of the Introduction of this Indictment are realleged and incorporated here as constituting the scheme to defraud and to obtain money by means of materially false and fraudulent representations and promises, and the following is further alleged:

2. On or about November 21, 2012, in the State and Eastern District of Wisconsin, and elsewhere,

**TODD A. DYER,**

for the purpose of executing and carrying out the above scheme caused to be transmitted in interstate commerce a wire communication from First Missouri Bank in Missouri to Walworth State Bank in Walworth, Wisconsin, transferring $75,000 from D.E's bank account to DYER's bank account in Walworth, Wisconsin.

All in violation of Title 18, United States Code, 1343.

## COUNT TWO
## (Unlawful Financial Transaction)

**THE GRAND JURY FURTHER CHARGES:**

1. Paragraphs 1 through 11 of the Introduction of this Indictment are realleged and incorporated here as constituting the scheme to defraud and to obtain money by means of materially false and fraudulent representations and promises referred to herein, and the following is further alleged:

2. On November 21, 2012, in the State and Eastern District of Wisconsin,

**TODD A. DYER,**

knowingly engaged in a monetary transaction through a financial institution that involved criminally derived property of a value of greater than $10,000 and which property was derived from a specified unlawful activity.

3. Specifically, on November 21, 2012, DYER withdrew approximately $49,527 from account number XX2970 at Walworth State Bank, in Walworth Wisconsin.

4. The withdrawal involved greater than $10,000 in funds constituting, and derived from, proceeds obtained from a criminal offense.

5. That criminal offense was DYER's receipt of $75,000 from the proceeds of wire fraud in violation of Title 18, United States Code, Section 1343.

6. Activity constituting a violation of Title 18, United States Code, Section 1343 is a specified unlawful activity within the meaning of Title 18, United States Code, Sections 1956(c)(7) and 1957.

All in violation of Title 18, United States Code, Section 1957.

## Forfeiture Notice

1. Upon conviction of the wire fraud offense, in violation of Title 18, United States Code, Section 1343, set forth in Count One of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or offenses. The property to be forfeited includes, but is not limited to a sum of money equal to the proceeds derived from the offense.

2. Upon conviction of the money laundering offense, in violation of Title 18, United States Code, Section 1957, set forth in Count Two of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to a sum of money equal to the proceeds derived from the offense or offense.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

███████████
FOREPERSON

Dated: 7 July 2015

*James L. Santelle*
JAMES L. SANTELLE
United States Attorney